FILED
SEP 24 2009
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | } |
| Plaintiff, | } CIVIL ACTION NO. |
| v. | } A09CA 705SS |
| LOWES HOME CENTERS, INC. | } **JURY TRIAL DEMAND** |
| Defendant. | } |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex, female, and to make whole Jill Parsons and Yolanda Garza, who were adversely affected by such practices. The Defendant violated Title VII by subjecting Jill Parsons to harassment and a hostile working environment, and by suspending her and terminating her employment in retaliation for opposing discriminatory treatment based on her sex. The Defendant further violated Title VII by suspending Yolanda Garza in retaliation for opposing discriminatory treatment based on sex and subjecting her to further adverse treatment resulting in her constructive discharge.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and

**COMPLAINT**                                                                                           1

(3) of Title VII of the Civil Rights Act of 1964, as amended, ("Title VII"), 42 U.S.C. Section 2000e5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. Section 1981A.

2. The employment practices alleged to be unlawful were and are being committed within the jurisdiction of the United States District Court for the Western District of Texas.

## PARTIES

3. The Plaintiff, Equal Employment Opportunity Commission (the "Commission"), is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Section 706(a) of Title VII, 42 U.S.C. Section 2000e-5(a).

4. At all relevant times, the Defendant has been and is now doing business in the State of Texas, and has continuously had at least fifteen employees.

5. At all relevant times, the Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Jill Parsons and Yolanda Garza filed charges with the Commission alleging violations of Title VII by the Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least November 2006, the Defendant has engaged in unlawful employment practices at its Austin, Texas facility, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2, and Section 704(a) of Title VII, 42 U.S.C. § 2000e-3. Specifically, Jill Parsons was subjected to sexual harassment and a hostile working environment, and she was

suspended and terminated in retaliation for complaining about the sexual harassment. In addition, the Defendant further violated Title VII by suspending Yolanda Garza in retaliation for opposing discriminatory treatment based on sex and subjecting her to further adverse treatment, resulting in her constructive discharge.

8. The effects of the practices complained of above have been to deprive Jill Parsons and Yolanda Garza of equal employment opportunities and to otherwise adversely affect their status as employees.

9. The unlawful employment practices complained of in paragraph 7 above were intentional.

10. The unlawful employment practices complained of in paragraph 7 above were done with malice or with reckless indifference to the federally protected rights of Jill Parsons and Yolanda Garza.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining the Defendants, their officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which discriminates on the basis of sex.

B. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from subjecting its employees to retaliatory treatment in violation of Title VII.

C.  Order the Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for employees which eradicate the effects of its past and present unlawful employment practices.

D.  Order the Defendant to make whole Jill Parsons and Yolanda Garza by providing appropriate back pay with prejudgment interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of its unlawful practices, including but not limited to rightful-place reinstatement or front pay in lieu thereof.

E.  Order the Defendant to make whole Jill Parsons and Yolanda Garza by providing compensation for past and future pecuniary losses resulting from the unlawful practices described in paragraph 7 above, including but not limited to lost wages, lost commissions, relocation expenses, job search expenses, medical expenses not covered by the Defendant's employee benefit plans and other benefits in amounts to be determined at trial.

F.  Order the Defendant to make whole Jill Parsons and Yolanda Garza by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices described in paragraph 7 above, including emotional pain, suffering, humiliation and inconvenience in amounts to be determined at trial.

G.  Order the Defendant to pay Jill Parsons and Yolanda Garza punitive damages for its malice or reckless indifference described in paragraph 7 above in an amount to be determined at trial.

H.  Grant such further relief as the Court deems necessary and proper in the public interest.

I.  Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

_____
ROBERT A. CANINO
Regional Attorney
Oklahoma Bar No. 011782

_____
SUZANNE M. ANDERSON
Supervisory Trial Attorney
Texas Bar No. 14009470

_____
JOEL P. CLARK
Trial Attorney
Texas Bar No. 24050425

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Dallas District Office
207 S. Houston, Third Floor
Dallas, Texas 75202
(214) 253-2743
(214) 253-2749 (FAX)